UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY CALZADA,<br><br>　　　Plaintiff(s),<br><br>v.<br><br>LARRY WILLIAMSON, et al.,<br><br>　　　Defendant(s). | Case No. 2:22-cv-02050-GMN-NJK<br><br>**ORDER**<br><br>[Docket No. 10] |

Pending before the Court is Plaintiff's motion for service by the United States Marshal Service. Docket No. 10.

"At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal." Fed. R. Civ. P. 4(c)(3).[1] "The decision to appoint a process server is committed to the court's discretion and may be appropriate where, for instance, a law enforcement presence appears to be necessary or advisable to keep the peace." *Raiser v. U.S. Dist. Ct. for S.D. Cal.*, 2021 WL 4895217, at *2 (S.D. Cal. Feb. 26, 2021) (citation and internal quotations omitted). Indeed, the purpose behind this rule is to ensure service "in certain limited circumstances as when a hostile defendant threatens injury to the process service." *Hoffart v. Wash. Mut. Bank, N.A.*, 2013 WL 2445019, at *1 (C.D. Cal. May 13, 2013). Prior to seeking Marshal service, the plaintiff is expected to attempt service by private means whenever feasible. *Volpe v. JP Morgan Chase Bank*, 2022 WL 3643754, at *1 (C.D. Cal. June 21, 2022). As a corollary, a motion for Marshal service should set forth the steps previously taken to attempt service. *Edwards v. Pollard*, 2022 WL 617615, at *2 (S.D. Cal. Mar. 2, 2022). Particularly given the associated burden on the Marshal Service, courts are directed that such service should not be ordered unless it is "really []

---

[1] Because Plaintiff is not proceeding in forma pauperis, the second sentence in Rule 4(c)(3) does not apply.

necessary." *Raiser*, 2021 WL 4895217, at *2; *see also Bax v. Exec. Office for U.S. Attorneys*, 216 F.R.D. 4, 4 (D.D.C. 2003) (explaining that Rule 4 was amended for the purpose of lessening the burden on the marshals in serving summons and complaints in private civil actions).

The motion in this case appears to be asking for service by the Marshal based on the fact that Plaintiff is incarcerated. *See* Docket No. 10 at 1. Plaintiff has not shown that he has attempted service himself prior to filing his motion. Moreover, Plaintiff has not explained that law enforcement presence is necessary or advisable to keep the peace in attempting service.

Accordingly, the motion for service by the United States Marshal Service is **DENIED**. Nonetheless, the Court **EXTENDS** the deadline for Plaintiff to effectuate service to July 24, 2023.

IT IS SO ORDERED.

Dated: May 23, 2023

_____
Nancy J. Koppe
United States Magistrate Judge