# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY CALZADA, | Case No. 2:22-cv-02050-GMN-NJK |
| Plaintiff(s), | **ORDER** |
| v. | [Docket No. 34] |
| LARRY WILLIAMSON, et al., | |
| Defendant(s). | |

Pending before the Court is Plaintiff's motion for service to be attempted by the United States Marshal Service. Docket No. 34.

"At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal." Fed. R. Civ. P. 4(c)(3).[1] "The decision to appoint a process server is committed to the court's discretion." *Raiser v. U.S. Dist. Ct. for S.D. Cal.*, 2021 WL 4895217, at *2 (S.D. Cal. Feb. 26, 2021) (citation and internal quotations omitted). Prior to seeking service by the Marshal Service, the plaintiff is expected to attempt service by private means whenever feasible. *Volpe v. JP Morgan Chase Bank*, 2022 WL 3643754, at *1 (C.D. Cal. June 21, 2022). As a corollary, a motion for service by the Marshal Service should set forth the steps previously taken to attempt service. *Edwards v. Pollard*, 2022 WL 617615, at *2 (S.D. Cal. Mar. 2, 2022). Particularly given the associated burden on the Marshal Service, courts are directed that such service should not be ordered unless it is "really [] necessary." *Raiser*, 2021 WL 4895217, at *2.

Plaintiff is incarcerated. Plaintiff has hired a process server who has attempted service on Defendants at Clark County Detention Center on multiple occasions without success. *See* Docket No. 34 at 3, 4. It appears from those affidavits that the attempts at service may be getting stymied given the security structure at the facility. *See, e.g.*, *id.* at 3 (attesting that the process server spoke

---

[1] Because Plaintiff is not proceeding in forma pauperis, the second sentence in Rule 4(c)(3) does not apply.

1

with Angela, who then called back to the medical office, but was told that the Defendant was not available and no further information was provided). Given the circumstances of this case, the Court will exercise its discretion for service to be attempted by the United States Marshal Service. *Cf. Holcomb v. Cal. Bd. of Psychology*, 2015 WL 6951731, at *1 (E.D. Cal. Nov. 10, 2015); *Washington v. Early*, 2009 WL 959796, at *1-2 (E.D. Cal. Apr. 7, 2009). Plaintiff will be responsible for paying for all costs of the service attempt given that he is not proceeding *in forma pauperis*.

Accordingly, the motion for service by the Marshal Service is **GRANTED**. The Clerk's Office is **INSTRUCTED** to send Plaintiff four copies of the Form USM-285. Plaintiff must provide the Marshal Service with the required Form USM-285 by January 31, 2024. Within 20 days after receiving from the Marshal Service a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice identifying whether Defendants were served. If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted.

In addition, the deadline to effectuate service is **EXTENDED** to March 1, 2024.

IT IS SO ORDERED.

Dated: January 4, 2024

_____
Nancy J. Koppe
United States Magistrate Judge