# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Anthony Calzada,<br>　　　Plaintiff(s),<br>v.<br>Larry Williamson, et al.,<br>　　　Defendant(s). | Case No. 2:22-cv-02050-GMN-NJK<br>**ORDER**<br>[Docket No. 82] |

Pending before the Court is Plaintiff's motion to appoint counsel. Docket No. 82. Defendants filed a response in opposition. Docket No. 83. No reply was filed.

A litigant does not have a constitutional right to counsel to pursue civil rights claims. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). "The court may request[1] an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Court will request an attorney for indigent civil litigants in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The word "exceptional" is defined as "out of the ordinary course, unusual," or "rare." *See* Oxford English Dictionary (Oxford Univ. Press 2015). Representations of an inability to retain counsel, as well as "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel." *E.g.*, *Boyd v. Henry*, No. 2:23-cv-01022-CDS-MDC, 2024 WL 4046456, at *5 (D. Nev. May 9, 2024) ((quoting *Baker v. Macomber*, No. 2:15-cv-00248-TLN-AC, 2020 WL 1182495, at *1 (E.D. Cal. Mar. 12, 2020)). When determining whether exceptional circumstances exist, the Court considers the plaintiff's likelihood

---

[1] To be clear, the Court does not "appoint" counsel in civil cases. The law "does not actually authorize the court to force a lawyer to take a case" and the Court does not have "staff attorneys standing by to represent *pro se* litigants." *Chan v. Ryan*, 2023 WL 197429, at *2 (W.D. Wash. Jan. 17, 2023) (quoting *Sifuentes v. Nautilus, Inc.*, 2022 WL 1014963, at *1 (W.D. Wash. Apr. 5, 2022)).

1

of success on the merits and the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970. "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

This case is centered on Plaintiff's allegations of inadequate medical care. *See* Docket No. 6 (screening order). The claim does not appear to be complex. Moreover, Plaintiff has thus far shown a sufficient ability to articulate claims and arguments without the assistance of counsel.[2] While Plaintiff has stated a colorable claim sufficiently to proceed past the pleading stage, Plaintiff has not yet demonstrated that evidence shows a likelihood to succeed on the merits of that claim. *Cf. Hucker v. Daub*, No. 21-cv-577 JLS (AHG), 2021 WL 2550089, at *6 (S.D. Cal. June 22, 2021) (collecting cases that stating a colorable claim is not, standing alone, sufficient to demonstrate a likelihood of success on the merits).

Accordingly, the motion to appoint counsel is **DENIED**.

IT IS SO ORDERED.

Dated: November 26, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] The arguments concerning discovery are misplaced in that discovery is closed. *See* Docket No. 81 at 1. The arguments concerning difficulty in litigating while incarcerated are not persuasive. *See Boyd*, 2024 WL 4046456, at *5.