# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Anthony Calzada,<br><br>　　　Plaintiff(s),<br><br>v.<br><br>Dr. Larry Williamson, et al.,<br><br>　　　Defendant(s). | Case No. 2:22-cv-02050-GMN-NJK<br><br>**CORRECTED ORDER**[1]<br><br>[Docket No. 86] |

Pending before the Court is Defendant's motion for dismissal sanctions. Docket No. 86.[2]

Parties seeking significant relief are expected to support their request with a correspondingly robust factual showing and legal argument. *See, e.g.*, *Cobb v. United States*, 2022 WL 1308114, at *1 n.1 (D. Nev. May 2, 2022) (citing *Taddeo v. Am. Invsco Corp.*, 2015 WL 751072, at *1 (D. Nev. Feb. 20, 2015)). Stated bluntly, "dismissal is not a sanction to be invoked lightly." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989).

The instant motion fails on several levels. It seeks the drastic sanction of dismissal through a memorandum consisting of roughly three pages of text, followed by roughly one page of factual "certification[s]." Docket No. 86 at 2-6. The motion does not address in direct or meaningful fashion how the well-established multi-factor analysis supports a dismissal sanction, a shortcoming that alone warrants denial of the motion. *See, e.g.*, *Lall v. Corner Inv. Co.*, 2022 WL 22883685, at *1 (D. Nev. Jan. 12, 2022). In addition, the motion acknowledges that a finding of

---

[1] This corrected order is being issued to address a typographical error in the original order. Docket No. 99. The order is resolving the motion for sanctions, Docket No. 86, and not the motion for summary judgment, Docket No. 85. The Clerk's Office is **INSTRUCTED** to strike the order at Docket No. 99 and to revive the motion for summary judgment at Docket No. 85.

[2] The Court has discretion to grant a motion as unopposed, *see* Local Rule 7-2(d), but it is not required to do so, *see, e.g.*, *Mendez v. Fiesta Del Norte Home Owners Assoc.*, 2016 WL 1643780, at *2 (D. Nev. Apr. 26, 2016).

willfulness, bad faith, or fault is required to obtain the relief sought, but meaningfully developed argument is not presented on that issue. Instead, the motion contends that the Court must infer bad faith given the length of time Plaintiff possessed the discovery, the volume of discovery, and Plaintiff's failure to respond to the discovery. *See id.* at 4. No legal authority is presented in support of that position, including no case law addressing whether the circumstances attendant to a *pro se* plaintiff's incarceration may be pertinent to analyzing potential bad faith in failing to respond to discovery. *Cf.* Docket No. 84 (identifying apparent difficulties).

If the above deficiencies were not enough, the only cases cited in support of this request are two unpublished Ninth Circuit memorandum dispositions from 1997 and 1999. *See* Docket No. 86 at 3. <u>Counsel was prohibited from citing these dispositions</u>. *See* 9th Cir. R. 36-3(c) ("Unpublished dispositions and orders of this Court issued before January 1, 2007 may not be cited to the courts of this circuit" except in limited circumstances not present here).[3] As such, this motion seeking the extreme remedy of dismissal is not supported by any citable case law.

In short, the instant motion is insufficiently developed and supported for a finding that the extreme sanction of dismissal should be imposed on Plaintiff. Accordingly, the motion is **DENIED**.

IT IS SO ORDERED.

Dated: December 23, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] This is not an obscure rule hidden away in the basement of a distant library, but rather is well-known to practitioners in federal court. At any rate, the rule is identified prominently in each of these memorandum dispositions themselves both on the top of the document and in a footnote that explains specifically that "[t]his disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3." It is unclear how these explicit warnings were missed here. Hence, counsel has sought severe sanctions against a *pro se* prisoner by filing a motion in a manner that itself could warrant sanctions, *see, e.g.*, *Wisdom v. Easton Diamond Sports, LLC*, 2018 WL 6264994, at *2 n.3 (C.D. Cal. Oct. 9, 2018) (warning of sanctions for violating the Ninth Circuit's non-citation rule), in a case in which that attorney has already been cautioned that "he must comply with all orders, comply with all applicable rules, and devote sufficient attention to this case," Docket No. 80 at 1.