**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Anthony Calzada,

    Plaintiff(s),

v.

Larry Williamson, et al.,

    Defendant(s).

Case No. 2:22-cv-02050-GMN-NJK

**Order**

[Docket No. 109]

Pending before the Court is Defendants' motion to continue the settlement conference. Docket No. 109. Defendants explain that they have a work-based scheduling conflict with the current date of the settlement conference. *See id.* at 2. For good cause shown, the Court **RESETS** the settlement conference for 9:30 a.m. on June 26, 2026. In light of Plaintiff being in prison, defense counsel is further **INSTRUCTED** to coordinate with the undersigned's courtroom deputy, Ari Caytuero, to facilitate Plaintiff's telephonic appearance at the settlement conference. Mr. Caytuero can be reached at 702-464-5566.

In addition to the above, Defendants' motion identifies several concerning circumstances. First, Defendants indicate for the first time that their claim is subject to insurance and that an adjuster will attend the settlement conference. Docket No. 109 at 2. Such information was omitted from the prior settlement submissions despite two orders making clear that it had to be included. *See* Docket No. 95 at 2 (requiring attendance by an insurance representative if a party is subject to coverage); *id.* (requiring the identification of the names of all attendees); *id.* (requiring statement as to "the Rule 26(a)(1)(A)(iv) insurance information"); Docket No. 106 at 1 (requiring supplemental submission because Defendants failed to provide the names of the settlement conference attendees). Second, defense counsel says alarmingly that, as of June 9, 2026, he requires "further documentation and/or client authority needed for meaningful settlement

1

discussions."  Docket No. 109 at 2.[1]  Defense counsel has known for more than six months that a settlement conference would be scheduled and the requirements for attending it.  Docket No. 95 (order issued on December 2, 2025); *see also* Docket No. 91.  The Court is at a loss (and the motion does not explain) how it could possibly be that defense counsel lacks the basic documentation and client authority required for a settlement conference that has been in the works for six months.[2]  No later than June 17, 2026, defense counsel must file a supplemental statement:  (1) identify the insurance adjuster who will attend the settlement conference, (2) explain why defense counsel did not identify insurance coverage or an insurance adjuster in his prior submissions, (2) explain what documentation remains outstanding and why it was not obtained previously, and (3) explain why client authority has not yet been obtained.  In addition, the supplemental statement must certify that defense counsel has read word-for-word the subject orders regarding the settlement conference.  Docket Nos. 95, 106.

IT IS SO ORDERED.

Dated: June 10, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] A motion must be based on representations made under Rule 11.  The use of an "and/or" in this context makes no sense.  Defense counsel surely must know whether he still needs more documentation, he still needs client authority, or he still needs both.  That counsel is unable or unwilling to provide concrete representations in seeking relief is troubling.

[2] Given the cryptic nature of the statement, it is impossible to know exactly what it is that defense counsel is referencing.  To be clear, discovery closed on October 22, 2025.  *See* Docket No. 81.